1

2

3

4

5

6

7

8            **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   DONALD M. BIRD,                         No. CIV S-08-1253-JAM-CMK

12                 Plaintiff,

13          vs.                              <u>FINDINGS AND RECOMMENDATIONS</u>

14   DEBRA BOWEN, et al.,

15                 Defendants.

16   _____/

17          Plaintiff, who is proceeding pro se and in forma pauperis, brings this civil action

18   seeking a "temporary restraining order" and an "order to show cause re preliminary injunction."

19   The court is required to screen complaints brought by prisoners seeking relief against a

20   governmental entity or officer or employee of a governmental entity.  <u>See</u> 28 U.S.C. § 1915A(a).

21   The court is also required to screen complaints brought by litigants who have been granted leave

22   to proceed in forma pauperis.  <u>See</u> 28 U.S.C. § 1915(e)(2).  Under these screening provisions, the

23   court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to

24   state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who

25   is immune from such relief.  <u>See</u> 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2).

26   Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action

1

1  "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ."  Because

2  plaintiff, who is not a prisoner, has been granted leave to proceed in forma pauperis, the court

3  will screen the complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also

4  consider as a threshold matter whether it has subject-matter jurisdiction.

5         In this case, plaintiff contends that Jim Nielsen, a candidate in a recent primary

6  election for state office, "has committed fraud and perjury in his efforts to win the June 3, 2008,

7  election."  Plaintiff  "demands that this court order the Defendant, Debra Bowen, California

8  Secretary of State to . . . [p]ublicly declare Jim Nielsen's 'victory' null and void pending a

9  thorough investigation of the accusations from this Plaintiff and supported by other un-named

10 citizens/voters," among other things.  The gravamen of plaintiff's complaint against Mr. Nielsen

11 is that he failed to meet the state law residency requirements for office and that defendant Bowen

12 has failed to carry out her oath of office to enforce these requirements.

13        Because plaintiff seeks an order from this court commanding conduct by a

14 government official, the court construes the complaint as an action for mandamus relief.   Under

15 28 U.S.C. § 1651(a), all federal courts may issue writs "in aid of their respective jurisdictions. . ."

16  In addition, the district court has original jurisdiction under 28 U.S.C. § 1361 to issue writs of

17 mandamus.  That jurisdiction is limited, however, to writs of mandamus to "compel an officer or

18 employee of the United States or any agency thereof to perform a duty. . ."  28 U.S.C. § 1361

19 (emphasis added).  It is also well-established that, with very few exceptions specifically outlined

20 by Congress, the federal court cannot issue a writ of mandamus commanding action by a state or

21 its agencies.  See e.g. Demos v. U.S. Dist. Court for Eastern Dist. of Wash., 925 F.2d 1160 (9th

22 Cir. 1991).  Where the federal court does have jurisdiction to consider a petition for a writ of

23 mandamus, such a writ may not issue unless it is to enforce an established right by compelling

24 the performance of a corresponding non-discretionary ministerial act.  See Finley v. Chandler,

25 377 F.2d 548 (9th Cir. 1967).

26 / / /

1    Here, the court concludes that it lacks subject matter jurisdiction because plaintiff

2  does not seek an order directed at any federal official and this court cannot issue mandamus relief

3  directed at a state official.  Moreover, even if this court did have jurisdiction, it would not be able

4  to grant mandamus relief because plaintiff does not seek an order compelling a non-discretionary

5  ministerial task.  Instead, he seeks an order directing defendant Bowen to declare election results

6  to be "null and void."  Clearly, such an action would involve the exercise of some amount of

7  discretion on the part of defendant Bowen and/or other state officials.

8    Based on the foregoing, the undersigned recommends that this action be

9  dismissed.

10    These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days

12  after being served with these findings and recommendations, any party may file written

13  objections with the court.  The document should be captioned "Objections to Magistrate Judge's

14  Findings and Recommendations."  Failure to file objections within the specified time may waive

15  the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17   DATED:  June 27, 2008

18

19    CRAIG M. KELLISON
     UNITED STATES MAGISTRATE JUDGE

20

21

22

23

24

25

26

                                    3